UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:12-cr-130-FtM-99SPC

ANSY WAPNER PEIRRE
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant's objection to his career offender status (Doc. #42) filed on August 6, 2013. The government's Response (Doc. #45) in opposition was filed on August 9, 2013.

Defendant objects to his prior conviction for Fleeing to Elude Law Enforcement pursuant to Fla. Stat. § 316.1935(1) being considered as a crime of violence under the career offender provisions of the Sentencing Guidelines, U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 (2012). Defendant concedes that he was convicted of this offense, and that the offense involved a motor vehicle, but asserts that because the motor vehicle was a motorized scooter and not a car the crime cannot qualify as a predicate act. The Court concludes defendant is incorrect.

The Court applies the "categorical approach" when the prior conviction is pursuant to an "indivisible" statute (i.e., one not containing alternative elements), and applies the "modified categorical approach" when the prior conviction is pursuant to a "divisible" statute (i.e., one containing alternative elements).

See Descamps v. United States, 133 S. Ct. 2276 (2013)(discussing Armed Career Criminal Act). Defendant's prior conviction at issue was for violation of Fla. Stat. § 316.1935(1), which provides: "It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." Fla. Stat. § 316.1935(1).  The Florida standard jury instruction for this offense defines "vehicle" as "every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." In re Standard Jury Instructions in Criminal Cases, 73 So. 3d 136, 137-38 (2011).  The Eleventh Circuit has found Fla. Stat. § 316.1935(2) to be a violent felony under the Armed Career Criminal Act.  United States v. Petite, 703 F.3d 1290 (11th Cir. 2013).

Applying the categorical approach, the Court concludes that defendant's conviction for fleeing and eluding under Fla. Stat. § 316.1935(1) is a crime of violence under the career offender provision of the Sentencing Guidelines.  Even if the Court were to

look at the underlying Information (Doc. #42-1), defendant was convicted of operating a "vehicle", which is later referred to as a "motor vehicle". Even if that vehicle was a motorized scooter, as defendant asserts, there is nothing in the rationale of <u>Petite</u> which would remove this conviction from being a crime of violence.

Accordingly, it is now

**ORDERED**:

Defendant's objection to his career offender status (Doc. #42) is **OVERRULED**. The Court will take the remainder of the Sentencing Memorandum under advisement pending argument from counsel.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  12th  </u> day of August, 2013.

<i>/s/ John E. Steele</i><br>
JOHN E. STEELE<br>
United States District Judge

Copies:
Counsel of Record
U.S. Probation