UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANSY WAPNER PIERRE,

    Petitioner,

v.　　　　　　　　　　　　　　　Case No: 2:14-cv-306-FtM-29CM
　　　　　　　　　　　　　　　　Case No. 2:12-CR-130-FTM-29UA
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #50).[1] The government filed a Response in Opposition to Motion (Cv. Doc. #4), and the petitioner filed a Response to His §2255 Motion (Reply) (Cv. Doc. #8).

**I.**

On November 28, 2012, a federal grand jury in Fort Myers, Florida returned a four-count Indictment (Cr. Doc. #5) charging petitioner with (1) distribution of crack cocaine, (2) possession of a firearm and ammunition having been convicted of a one or more felonies[2], (2) possession of the firearm in furtherance of a drug

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

[2] The two underlying felonies are robbery and possession of cocaine.

trafficking crime, and (4) another count of distribution of crack cocaine. On March 1, 2013, the government filed a Notice of Penalties, Elements, and Facts (Cr. Doc. #31) in connection with petitioner's anticipated plea of guilty without a plea agreement. The government also filed a Notice of Intention to Use Prior Convictions to Enhance the Penalty as to Counts One and Four of the Indictment (Cr. Doc. #32) (the distribution of crack cocaine counts), pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851. Based on petitioner's prior felony drug conviction for possession of cocaine in or about April 13, 2009, the government sought an enhanced the maximum statutory penalty to a term of imprisonment not to exceed 30 years.

On March 4, 2013, petitioner appeared before the magistrate judge and entered pleas of guilty as to all four counts. (Cr. Doc. #33.) The pleas were accepted and petitioner was adjudicated guilty. (Cr. Doc. #35.)

Counsel for petitioner objected to the Presentence Report and filed an Amended Sentencing Memorandum With Redactments (Cr. Doc. #48)[3]. Defense counsel argued that petitioner's prior conviction for Fleeing to Elude Law Enforcement was not a crime of violence because the "vehicle" at issue was a scooter. On August 12, 2013,

---

[3] The original memorandum, Cr. Doc. #42, was stricken from the docket as it contained a possible Social Security number, and the redacted version was filed after the sentencing hearing. (Cr. Doc. #51, pp. 7-8.)

the Court issued an Opinion and Order (Cr. Doc. #46) rejecting defense counsel's assertion that the prior conviction for Fleeing to Elude Law Enforcement was not a crime of violence under the career offender provisions of the Sentencing Guidelines.

At sentencing, petitioner's Total Offense Level was determined to be 31, and his criminal history was a Category VI, resulting in a guideline range of 262 to 327 months of imprisonment, plus 5 years consecutive imprisonment for Count Three. Counsel argued for a variance, which was granted, and the Court sentenced petitioner to concurrent 120 month terms of imprisonment as to Counts One, Two & Four, plus 60 months consecutive as to Count Three, for a total sentence of 180 months imprisonment, followed by a term of supervised release. (Cr. Doc. #47.) Judgment (Cr. Doc. #49) was filed on August 13, 2013.

Petitioner did not file an appeal. Petitioner's § 2255 motion was executed and placed in the prison mail system on or about June 1, 2014. The motion is timely filed.

**II.**

Petitioner raises two related grounds in his initial motion: (1) that he was improperly classified as a career offender because his 2009 possession of cocaine does not constitute a controlled substance offense under U.S. Sentencing Guideline § 4B1.1; and, (2) that he was denied effective assistance of counsel because counsel failed to challenge the career offender enhancement based

on the possession of cocaine conviction. In his Reply, petitioner argues that his conviction for Fleeing to Elude a Law Enforcement Officer was not a qualifying crime of violence because there was no chase or risk of bodily harm, and he was on a motor scooter.

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). To establish entitlement to an evidentiary hearing on an ineffective assistance of counsel claim, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Viewing the facts alleged in the light most

favorable to petitioner, the Court finds that the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires

that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

**C. Asserted Grounds For Relief**

    **(1) Possession of Cocaine As A Qualifying Career Offender Predicate Conviction**

Petitioner was designated a career offender under U.S. Sentencing Guidelines § 4B1.1 because some of the current offenses involved a felony controlled substance offense, and petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. As predicate offenses for the career offender enhancement, the Court counted (1) a robbery

conviction for which petitioner pled nolo contendere on December 6, 2002, and was sentenced to 20.8 months imprisonment, and (2) a fleeing to elude a law enforcement officer conviction for which petitioner pled nolo contendere on September 6, 2011, and was sentenced to one year imprisonment. The possession of cocaine conviction was not utilized as a career offender predicate conviction. The possession of cocaine conviction was only used as a predicate for the felon in possession of a firearm count and to enhance the statutory maximum penalty for the current drug offenses pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851. Therefore, petitioner's claim that his career offender status was based on the possession of cocaine conviction is without merit.

**(2) Ineffective Assistance of Counsel**

Petitioner argues that his attorney provided ineffective assistance by failing to challenge his career offender status based upon the use of the possession of cocaine conviction. Since the possession of cocaine conviction was not utilized for career offender purposes, defense counsel had nothing to challenge. Petitioner has not established any basis for his ineffective assistance of counsel claim.

**(3) Fleeing to Elude a Law Enforcement Officer Conviction**

In his Reply, petitioner asserts that the Fleeing to Elude a Law Enforcement Officer conviction is not a qualifying conviction under the Sentencing Guideline's Career Offender provision.

Before sentencing, defense counsel raised both a factual objection regarding the reference in the Presentence Report to a motorcycle rather than a motor scooter, and a legal objection to use of the conviction for career offender designation because the vehicle flight was done on a motor scooter. The Court sustained the factual objection and made the change to the presentence report. The facts were otherwise admitted. The Court overruled the legal objection in an Opinion and Order (Cr. Doc. #46).

The Presentence Report establishes petitioner was charged with Fleeing to Elude a Law Enforcement Officer pursuant to Fla. Stat. § 316.1935(1), possession of cocaine, driving without a Driver's License, possession of paraphernalia, and resisting without violence. Petitioner pled nolo contendere to all counts, and was sentence to one year imprisonment for the Fleeing to Elude and possession counts.

Under the applicable Florida statute, "[i]t is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer." Fla. Stat. § 316.1935(1) (effective July 1, 2004). In the Opinion and Order (Cr. Doc. #46), the Court applied the categorical approach and determined that the conviction under

Fla. Stat. § 316.1935(1) was a crime of violence based on the rationale of United States v. Petite, 703 F.3d 1290 (11th Cir. 2013), which found subsection (2) was a crime of violence under the Armed Career Criminal Act, and because "vehicle" is defined to include every device upon which a person can be transported. This would include a motor scooter.

Since the undersigned's Opinion and Order, the Eleventh Circuit has specifically determined that vehicle flight under subsection (1) is a crime of violence for purposes of the sentencing guidelines. United States v. Travis, 747 F.3d 1312, 1315 (11th Cir. 2014); United States v. Anderson, 600 F. App'x 666, 670 (11th Cir. 2015); United States v. Ford, 649 F. App'x 756 (11th Cir. 2016). The Eleventh Circuit noted that "vehicle flight is an inherently risky enterprise, even when it does not involve high speeds or other reckless conduct, because it can end in a violent confrontation between the offender and the police." Travis, 747 F.3d at 1316.

Even if the Court could consider the underlying facts of the prior conviction, it would not help petitioner's claim. According to the Presentence Report, on March 10, 2011, a Collier County Deputy saw petitioner driving a motor scooter without eye protection and initiated a traffic stop by activating emergency lights and siren. Petitioner looked at the Deputy then sped up by twisting the throttle and crouching lower into the motor

scooter. The female passenger turned and saw the Deputy. Petitioner drove through the center of an apartment complex, off the roadway, and onto the grass where he jumped off the motor scooter and fled on foot. The deputy gave chase and petitioner continued to run, despite orders to stop. The Deputy deployed his Taser, striking petitioner in the upper left shoulder and back, and causing him to stop running and fall to the ground, striking his head against the wall as he fell. While the officer attempted to cuff him, petitioner pushed himself up and threw a white plastic container, which was retrieved and found to contain 35 pieces of crack cocaine. The Deputy administered the Taser again and ordered defendant not to move. (Cr. Doc. #56, ¶ 50.) Therefore, the fleeing to elude law enforcement conviction was a proper predicate conviction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #50) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA